[Cite as *State v. Wilson*, 2022-Ohio-1788.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                        Court of Appeals No.  S-21-009

      Appellee                                 Trial Court No.  21TRC1915A

v.

Kevin Wilson                                      **DECISION AND JUDGMENT**

      Appellant                                Decided:  May 27, 2022

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Otero, Assistant Prosecuting Attorney, for appellee.

Nicholas Wainwright, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a May 24, 2021 judgment of Sandusky County Court

No. 2, accepting appellant's entry of guilty pleas following appellant's arraignment on

three misdemeanor traffic offenses.

**{¶ 2}** Upon acceptance of the pleas, appellant was found guilty of one count of operating a motor vehicle under the influence of alcohol or drugs, in violation of R.C. 4511.19, a misdemeanor of the first degree, one count of failure to control, in violation of R.C. 4511.202, a minor misdemeanor, and one count of failure to wear a seatbelt, in violation of R.C. 4513.263, a minor misdemeanor.

**{¶ 3}** Appellant was sentenced to a 30-day period in jail, with 27 of the days suspended, credit for time served on the remainder, a one-year license suspension with privileges, one-year of inactive probation, and the imposition of a fine and court costs. For the reasons set forth below, this court affirms the judgment of the trial court.

**{¶ 4}** Appellant, Kevin Wilson, sets forth the following sole assignment of error:

    I. THE TRIAL COURT FAILED TO COMPLY WITH CRIMINAL RULE 10.

**{¶ 5}** The following undisputed facts are relevant to this appeal. On May 22, 2021, appellant, a resident of Chester, Pennsylvania, was in Fremont, Ohio for purposes of visiting friends. While in the area during this visit, and while under the influence, appellant lost control of his motor vehicle and crashed it into a ditch along County Road 109 in Sandusky County.

**{¶ 6}** The Ohio State Highway Patrol trooper responding to the accident scene investigated the incident. Based upon the investigation, the trooper cited appellant for the three above-detailed traffic offenses.

2.

{¶ 7} The record reflects that the trooper who issued the citations personally served appellant with the summons and citations at the scene. Appellant was then taken to jail to be held while awaiting the arraignment hearing.

{¶ 8} On May 24, 2021, appellant was arraigned in Sandusky County Court No. 2. The transcript of the arraignment hearing reflects that appellant was advised of his right to counsel on five separate occasions, interspersed throughout the proceedings. The record further reflects that appellant was presented with a waiver of rights and executed same.

{¶ 9} The transcript of the arraignment hearing further reflects that at the onset of the proceeding the trial court thoroughly explained to appellant the available pleas of not guilty, no contest, and guilty.

{¶ 10} In conjunction, the trial court advised appellant that he had, "[T]he right to have counsel. If it is a jailable offense, and you cannot afford counsel, the right to have this court consider you for court appoint[ed] [counsel]."

{¶ 11} Shortly thereafter, the trial court again advised and reiterated to appellant that, "*You always can exercise your right to seek your own counsel*, *and I will grant continuance so that you may do so*." (Emphasis added).

{¶ 12} The record reflects that the trial court identified appellant's traffic citations by the case numbers, described in detail the substantive nature of the offenses, detailed

3.

the potential penalties associated with each offense, and affirmed appellant's understanding of what was transpiring.

{¶ 13} During the course of detailing the available pleas, the offenses, and the potential penalties, the trial court once again advised appellant, for a third time, "If you cannot afford counsel, counsel would be appointed to represent you."

{¶ 14} After again affirming appellant's understanding of all matters related to the proceedings, the trial court next inquired of appellant how appellant wished to proceed. Appellant responded, "Guilty."

{¶ 15} The trial court then inquired, "And you're pleading guilty to all of the charges?" Appellant replied, "Yes."

{¶ 16} The record reflects that the trial court subsequently advised and inquired of appellant on two additional occasions, "You understand your giving up your right to remain silent, the right to have counsel * * * counsel would be appointed to represent you." Appellant again affirmed his understanding of his rights, his options, and his desire to proceed.

{¶ 17} Accordingly, at this juncture, the trial court found the pleas to be voluntary and accepted them. The trial court then stated for the record that in the early morning hours of May 22, 2021, appellant was driving on County Road 109, was distracted by his GPS, was driving while impaired, lost control of his vehicle, and crashed it into a ditch.

4.

{¶ 18} In response to the trial court's recitation and inquiry whether appellant concurred with it, appellant replied, "Yes."

{¶ 19} In conjunction with the above, the record reflects the trial court undertook considerable efforts to accommodate appellant given his residency in Pennsylvania. The trial court suspended all further time, placed appellant on inactive probation, and granted driving privileges. These accommodations enabled appellant to return to his home state at the conclusion of the case.

{¶ 20} This appeal ensued.

{¶ 21} In the sole assignment of error, appellant alleges that the trial court failed to comply with Crim.R. 10 in the course of this case. We do not concur.

{¶ 22} Crim.R. 10(A) establishes, "Arraignment shall be conducted in open court * * * the defendant shall be given a copy of the indictment, information, or complaint, or shall acknowledge receipt thereof, before being called upon to plea."

{¶ 23} In support of this appeal, appellant suggests that he did not receive the traffic offenses charged against him and that the trial court failed to properly notify or convey the substance of the charges. The record of evidence does not comport with this position.

{¶ 24} On the contrary, the record reflects that the traffic citations charged against appellant were personally served upon him by the trooper at the scene. In addition, we note that the transcript of proceedings repeatedly reflect that the trial court went to great

5.

lengths to place all relevant information in the record, including the case numbers, the statutory offenses being charged, the potential penalties associated with each offense, all rights available to be exercised by appellant, including the right to counsel, all pleas available to appellant, and a detailed recitation of the incident precipitating the citations.

{¶ 25} While appellant acknowledges that the trial court repeatedly advised appellant of the right to counsel prior to appellant's plea, and throughout the proceedings, appellant nevertheless submits that, "[N]one of the references make mention that appellant has the right to retain counsel even if he intends to plead guilty."

{¶ 26} We find appellant's position unpersuasive. The record reflects that at no time during the five separate occasions during which the trial court advised appellant of his right of counsel did the trial court ever suggest or create an impression that the right of counsel was connected to, or limited by, which of the available plea options appellant elected to exercise, as implied by appellant.

{¶ 27} In support of this appeal, appellant cites to this court's decision in *State v. Gearing*, 6th Dist. Williams No. WM-09-012, 2010-Ohio-939. We find appellant's reliance upon *Gearing*, which is fundamentally and materially distinguishable from the instant case, to be misplaced.

{¶ 28} The *Gearing* case dealt with an appellant who was not directly advised of his rights by the trial court, such that the trial court could not directly and simultaneously ascertain appellant's understanding of those rights.

6.

{¶ 29} In *Gearing*, a pre-recorded audio generally detailing rights was played for appellant, along with other defendants, during a combined arraignment hearing outside of the presence of the trial court.

{¶ 30} The trial court thereafter generically inquired whether appellant, "[H]ad listened to his rights." *Gearing*, ¶ 12. As such, no Crim.R. 10(C) individualized inquiry occurred between the trial court and the defendant to properly confirm an individual understanding of the rights.

{¶ 31} In contrast, the transcript of proceedings in the instant case clearly reflects a direct, detailed, face-to-face discourse between the trial court and appellant during which the trial court repeatedly advised appellant of his right to counsel, his right to a reasonable continuance to secure counsel, his right to appointed counsel if eligible, and all other rights implicated in these misdemeanor traffic offenses. Appellant repeatedly, directly affirmed his understanding to the trial court.

{¶ 32} We have carefully reviewed the record of proceedings in this matter for any indicia in support of the notion that the trial court failed to comply with Crim.R. 10 in the course of appellant's arraignment. The record is devoid of any such evidence.

{¶ 33} Accordingly, we find appellant's assignment of error not well-taken. Wherefore, the judgment of Sandusky County Court No. 2 is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.    _____

              JUDGE

Thomas J. Osowik, J.


            _____

Myron C. Duhart, P.J.      JUDGE
CONCUR.


            _____

              JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.